

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN  
~~ASSISTANT~~  
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable C. O. Murdoch  
County Attorney  
Menard County  
Menard, Texas

Opinion No. O-3054  
Re: Manner of "handling hot checks" and fees of county attorney for various services.

Dear Sir:

Your recent request for an opinion of this department upon the questions as are herein stated has been received.

We quote from your letter as follows:

"I am enclosing copies of forms which I should like to know would be lawful to use? Would the one marked No. 1 be unlawful to use, where the check is deposited with the County Attorney with the understanding that if the check is not paid off within 10 days or a certain period of time that prosecution is desired, a complaint is to be drawn and filed. Would this manner of handling the hot check cases violate the law: Articles: 1298, 1299, or 1300, or 1301? Would the one turning the check over to the County Attorney under such an arrangement be violating any of the above provisions of the P. C.?

"I am particularly interested in knowing the law in respect to this matter, for my own sake, as well as for those who hold the checks. I am new on the job, and I have not used any of the forms mentioned, but if they may be used lawfully, I may find it convenient to use some of them, where the holder of the check wants to give the drawer of the check another chance before filing a complaint. I have been telling them, so far, that if they want to give them another chance to hold the check and communicate with the drawers and demand immediate payment of the check, but not to make any threat of prosecution, but that they may say that they will place said checks in the hand of an attorney for collection.

"In respect to another matter: Is it permissible to send form marked No. 2 to officers of the home county or another county with a warrant of arrest, and have the Court to say in advance what the fine and costs will be, and have the arresting officer collect the amount, plus the amount of his fee, if he is out of the county, providing the one against whom the warrant is drawn will plead guilty, and authorize the arresting officer to enter

said plea in said court by filling out and signing the authorization to do so, as in form sent with form No. 2, and pays off the amount to the said arresting officer, who shall then send in the amount and the plea of guilty for the one charged?

"If this may be done in one court, Justice for instance, and not another, please explain.

"Another matter: I have not been sufficiently informed on the question of fees. I should like to know specifically what fees of office to which I am entitled and when. What fees should I receive in Justice Court, when the defendant pleads guilty without trial, he does so when he is brought before the court, and pays a fine then set by the court and costs? Same circumstances but does not pay fine, but works out his fine or lays it out in jail?

"In the County Court, when the defendant pleads guilty and refuses to pay fine, if fine is given as penalty, but works it out or lays in jail? Or when defendant is given a jail sentence after he pleads guilty? It is my understanding that I am to receive $10.00 when upon a trial one is found guilty in the county court or in the Justice Court, unless there is a special statute applying such as for gaming case under art. 1061, C.C.P., which allows $15.00; and it is my understanding that the County Attorney is to receive $5.00 if the defendant pleads guilty in misdemeanor cases in either court, regardless whether the defendant pays his fine or works it out or serves a jail sentence? Article 1068.

"If you have any chart or table that makes the fee question clear, please mail me one. I am supposed to receive the regular fees of office, and if I fail to collect them, then my salary will be insufficient to justify my holding the job, see, as my compensation is to be $50.00 per month and fees of office. This County has less than three thousand votes. If there is any distinction as to fees as to cases in which the defendant appears and pleads guilty at the examining court or regular trial court, make it clear, please. It is my understanding that if the defendant waits until trial to plead guilty, then it is a trial even though there is not a regular trial of the case, that is though the case does not go through the whole gamut of the trial.

"I hope that I have not confused you as to the fee question. I just want to know what fees that I am entitled to receive, and should like to know to whom to look for them. I have some ideas about them from reading the statutes, but am in doubt about some, so if you can enlighten me on this matter, it will be appreciated.

"Please return the forms submitted."

Section 4 of Article 567b, Vernon's Annotated Penal Code, reads as follows:

"Sec. 4. For the first conviction for a violation of sections 1, 2, or 3 of this Act, in the event the check, draft, or order given on any bank, person, firm, or corporation, is Five Dollars ($5) or less, the punishment shall be by imprisonment in the county jail not exceeding two years, or by a fine not exceeding Two Hundred Dollars ($200). For the first conviction for a violation of sections 1, 2, or 3 of this Act, in the event the check, draft, or order given on any bank, person, firm or corporation, is in excess of Five Dollars ($5), but less than Fifty Dollars ($50), punishment shall be by imprisonment in the county jail not exceeding two years, or by a fine not exceeding Five Hundred Dollars ($500).

"If it be shown on the trial of a case involving a violation of sections 1, 2, or 3 of this Act in which the check, draft, or order given on any bank, person, firm or corporation, is less than Fifty Dollars ($50), that the defendant has been once before convicted of the same offense, he shall on his second conviction, be punished by confinement in the county jail for not less than thirty (30) days nor more than two (2) years.

"If it be shown upon the trial of a case involving a violation of sections 1, 2, or 3 of this Act that the defendant has two (2) or more times before been convicted of the same offense, regardless of the amount of the check, draft or order involved in the first two (2) convictions, upon the third or any subsequent conviction, the punishment shall be by confinement in the penitentiary for not less than two (2) nor more than ten (10) years.

"For the first conviction for a violation of sections 1, 2, or 3 of this Act, in the event the check, draft or order given upon any bank, person, firm or corporation, is in the amount of Fifty Dollars ($50) or more, punishment shall be by confinement in the penitentiary for not less than two (2) years nor more than ten (10) years."

Article 60 of the Code of Criminal Procedure provides:

"Justices of the peace shall have jurisdiction in criminal cases where the fine to be imposed by law may not exceed two hundred dollars."

Article 56 of the Code of Criminal Procedure provides:

"The county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed two hundred dollars."

It will be noted that the penalties prescribed in Subsection 4 of Article 467b, Vernon's Annotated Penal Code, are such that the county court will have original jurisdiction in all misdemeanor cases prosecuted under Article 567b of the Penal Code. Therefore the Justice Court does not have jurisdiction in such cases.

Chapter 4, Title 16, Vernon's Annotated Penal Code deals with false accusations and threats of prosecution. This chapter includes the articles of the Penal Code mentioned in the first paragraph of your letter wherein you inquire whether or not the using of exhibit marked No. 1 enclosed with your letter would be a violation of these statutes or any other statute of the Penal Code. After carefully considering exhibit No. 1 and the above mentioned statutes, you are respectfully advised that it is our opinion that the using of exhibit No. 1 would not violate any article of the Penal Code.

With reference to exhibit No. 2 your attention is directed to Article 580, Vernon's Annotated Code of Criminal Procedure, which provides:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

In view of the last quoted statute, you are respectfully advised that exhibit No. 2 cannot be legally used for the purposes mentioned in your letter.

Your questions with reference to fees due the county attorney for his services are so broad and unlimited we must answer them in a general manner. However, if there is any specific fee that you desire to inquire about, we will be glad to give it our most careful consideration.

We assume that the Fifty Dollars per month mentioned in your letter is for ex officio services allowed by the Commissioners' Court under Article 3895, Vernon's Annotated Civil Statutes.

The county officials of Menard County are compensated on a fee basis and with reference to fees which the county attorney is entitled we believe can best be answered by citing the various statutes applicable thereto. We shall first discuss the cost to be paid by the defendant, which are to be taxed against him upon conviction. Article 1061, Code of Criminal Procedure, provides:

"District and county attorneys shall be allowed the following fees in cases tried in the district and county courts, or a county court at law, to be taxed against defendant; For every conviction under the laws against gaming when no appeal is taken, or when, on appeal, the judgment is affirmed, fifteen dollars.

"For every other conviction in cases of misdemeanor, where no appeal is taken, or when on appeal the judgment is affirmed, ten dollars."

Article 1068, Vernon's Annotated Code of Criminal Procedure, provides:

"If the defendant pleads guilty to a charge before a justice, the fee allowed the attorney representing the state shall be five dollars.  The attorney who represents the state in a criminal action in a justice court shall receive, for each conviction on a plea of not guilty, where no appeal is taken, ten dollars."

Article 950, Vernon's Annotated Code of Criminal Procedure, provides:

"The district or county attorney shall be entitled to ten per cent of all fines, forfeitures or moneys collected for the state or county, upon judgments recovered by him; and the clerk of the court in which such judgments are rendered shall be entitled to five per cent of the amount of said judgments, to be paid out of the amount when collected."

Article 1020, Code of Criminal Procedure, provides in part:

"* * *.  District and county attorneys, for attending and prosecuting any felony case before any examining court, shall be entitled to a fee of five dollars, to be paid by the state for each case prosecuted by him before such court.  Such fees shall not be paid except in cases where the testimony of the material witnesses to the transaction shall be reduced to writing, subscribed and sworn to be said witness; and provided further that such written testimony of all material witnesses to the transaction shall be delivered to the District Clerk under seal, who shall deliver the same to the foreman of the grand jury and take his receipt therefor.  * * *."

Article 1055, Code of Criminal Procedure, provides:

"The county shall not be liable to the officer and witness having costs in a misdemeanor case where defendant pays his fine and costs.  The county shall be liable for one-half of the fees of the officers of the Court, when the defendant fails to pay his fine and lays his fine out in the county jail or discharges the same by means of working such fine out on the county roads or on any county project.  Any to pay such half of costs, the County Clerk shall issue his warrant on the County Treasurer in favor of such officer to be paid out of the Road and Bridge Fund or other funds not otherwise appropriated."

With reference to commissions due the county attorney on money other than that collected under the Penal Code and Code of Criminal Procedure, your attention is directed to Article 335 of Vernon's Annotated Civil Statutes.

With reference to fees due county attorney who represents the State and County in all suits against delinquent tax payers, your attention is directed to Article 7332, Vernon's Annotated Civil Statutes.

With reference to fees due the county attorney for his services in lunacy proceedings, your attention is directed to Title 92, Vernon's Annotated Civil Statutes, and amendments thereto.

We are enclosing herewith the above mentioned exhibits.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JAN 30, 1941                           Yours very truly,

GROVER SELLERS                          ATTORNEY GENERAL OF TEXAS
FIRST ASSISTANT ATTORNEY GENERAL

AW:RS:hep                               By   s/ Ardell Williams
                                             Ardell Williams
APPROVED                                         Assistant
OPINION
COMMITTEE
BY  BWB
CHAIRMAN